UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:19-CR-103 |
| Plaintiff, | |
| vs. | Hon. JANET T. NEFF |
| | U.S. District Judge |
| JAMES VERNE RUSSELL, | |
| Defendant. | |
| _____/ | |

**GOVERNMENT'S UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE**

Now comes the United States of America, by United States Attorney Andrew Byerly Birge and Assistant United States Attorney Daniel Y. Mekaru, and moves this Court to grant a continuance of the final pretrial and trial dates in this case pursuant to 18 U.S.C. § 3161(h)(7)(A).  The delay is requested because of the current public-health emergency involving the Coronavirus and the unprecedented actions taken by the State of Michigan to address that emergency.  Counsel for the government has consulted with counsel for James Verne Russell, who agrees with this request for continuance.

Trial is currently set for May 4, 2020, and the final pretrial conference is scheduled for April 20, 2020.  The parties have agreed to a negotiated resolution and the government tendered a written plea agreement.  Upon information and belief, the defense intends to sign the agreement, but execution of the agreement has been hindered by logistics and current circumstances.  Counsel for the defense is in Las Vegas, Nevada.  Russell is in U.S. Marshal custody in Newaygo County Jail.  Once the plea agreement is signed by all parties, it will be immediately filed with the Court.

However, the entry of the change of plea has additional challenges due to the state of emergency posed by COVID-19.  On March 23, 2020, and in order "[t]o suppress the spread of COVID-19, to prevent the state's health care system from being overwhelmed . . . and to prevent needless deaths," Michigan Governor Whitmer issued Executive Order 2020-21, requiring all residents of Michigan "to remain at home or in their place of residence to the maximum extent feasible."  MI Exec. Order No. 2020-21 (2020 Bill Text MI E.O.21).

The Governor's Order is effectively a "stay at home" order, with some exceptions for people whose work is "necessary to sustain or protect life or to conduct minimum basic operations."  To the extent people leave their residences, they "must adhere to social distancing measures recommended by the Centers for Disease Control and Prevention, including remaining at least six feet from people from outside the individual's household to the extent feasible under the circumstances."

Also on March 23, 2020, the Court issued Administrative Order 20-MS-024, significantly modifying its operations and procedures, and limiting the public's physical access to its spaces, in response to "ongoing developments, including the Governor of Michigan's Executive Order 2020-21."  The Court's order remains in effect until close of business on April 13, 2020.  The government understands that the Court may issue another administrative order extending and expanding restrictions.  Entry of a change of plea by video appearance may not be feasible or permissible in this case.  Accordingly, any change of plea would have to be done in person.  Transportation of defendants will necessarily require close physical contact between Russell, staff at the jail, and deputy marshals, which is contrary to the CDC guidance on social distancing.  The U.S. Marshal Service has asked to limit nonessential transportation of in-custody defendants.

The government respectfully suggests that maintaining the current trial schedule is not in the interests of justice. The case will be resolved and the government does not perceive any prejudice to its case or to the greater public interests. The government does not perceive any prejudice to Russell either. On March 3, 2020, Russell pleaded no contest to a criminal sexual conduct charge in Muskegon County Court pursuant to a plea agreement. The government understands the terms of the agreement to require Russell to serve 20 years' imprisonment. Russell is scheduled for sentencing in Muskegon County on April 9, 2020.

The plea agreement with the U.S. Attorney's Office requires Russell to plead guilty to offenses that have a mandatory minimum of 15 years' imprisonment. While Russell is in custody at the Newaygo County Jail, he will receive credit for time served for at least one, if not both, of his custodial sentences.

The government also understands that the Newaygo County Jail is quarantining all arriving defendants, including those returning from court, for 14 days and the jail has space limitations on how many defendants it can keep segregated. The Bureau of Prisons and the U.S. Marshal Service have directed that prisoners will not be transported to Bureau of Prisons facilities during this public health emergency.

Any period of delay resulting from a judicially approved continuance is excluded from the requirements of the Speedy Trial Act if the Court concludes that the ends of justice served by the delay outweigh both the public's and the defendant's interests in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Act provides a non-exclusive list of factors that, alone or in combination with other factors, the Court must consider in resolving a motion for such a continuance. 18 U.S.C. § 3161(h)(7)(B). These factors include questions of whether denying the motion would

make it impossible to move forward with a proceeding or result in a miscarriage of justice.  18 U.S.C. §§ 3161(h)(7)(B)(i).

There is precedent for granting ends-of-justice continuances based on natural disasters and national-security crises.  In *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981), the court validated a delay that had been granted by a district court located in Yakima, Washington, based on the nearby eruption of the Mt. St. Helens volcano, a natural disaster that had a "paralyzing impact on surrounding geographies . . . ." *Id*. at 767.  In *United States v. Correa*, 182 F. Supp. 2d 326, 330 (S.D.N.Y. 2001), trial was delayed as a result of the terrorist attack that destroyed the World Trade Center and surrounding buildings, murdering thousands.  Lastly, at least one district court has already granted a delay after finding that "the public health concerns associated with the COVID-19 pandemic warrants the continuance of the trial in this case." *United States v. Gonzalez-Tello*, No. 1:19-CR-147, 2020 U.S. Dist. LEXIS 43873, at*4 (N.D. Miss. March 13, 2020).  Indeed, this pandemic may be even more disruptive than a volcanic eruption or terrorist attack because, unlike those events, this one is not over and the scope of its destruction remains to be seen.

For the stated reasons, the Government requests the Court continue the start of the trial to a date in early July 2020.  Pursuant to LCrR 12.4, the undersigned has informed Russell's counsel of the Government's intent to file this motion, and he does not oppose the Court's granting it.

          Respectfully submitted,

          ANDREW BYERLY BIRGE
          United States Attorney

Dated:  April 7, 2020            /s/ Daniel Y. Mekaru
          DANIEL Y. MEKARU
          Assistant United States Attorney